STATE OF MISSOURI )
) SS
COUNTY OF JEFFERSON )

IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT
OF MISSOURI, AT HILLSBORO, JEFFERSON COUNTY, MISSOURI

DONNA J. WHITENER, )
)
    Plaintiff, ) Cause No. 09JE-CC00154J2
)
vs. )
)
BANK OF AMERICA, N.A. )
)
    Defendant. )
)
Serve at: )
Bank of America Plaza )
800 Market Street )
St. Louis, MO 63101 )

FILED
FEB 0 6 2009
HOWARD WAGNER
CIRCUIT CLERK

## PETITION

COMES NOW Plaintiff, Donna J. Whitener, by and through counsel, and for her Petition against Defendant, Bank of America, N.A. (hereinafter sometimes "the Bank"), and states to the court as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

COMES NOW Plaintiff, Donna J. Whitener, by and through counsel, and for her Allegations Common To All Counts states to the court as follows:

1. Plaintiff is an individual residing in Jefferson County, State of Missouri.

2. Defendant is a publicly traded banking corporation operating under Federal Charter #13044.

3. Defendant transacts business in the State of Missouri and has banking locations within the County of Jefferson, State of Missouri.

1

4. Plaintiff was the spouse of one Daryl Whitener.

5. The Plaintiff and Mr. Whitener held real property as Tenants by the Entireties, specifically real property at 1286 Hwy AA, Festus, Missouri 63028 (hereinafter "the real property").

6. The marriage of Plaintiff and Daryl Whitener was dissolved by Judgment dated February 28, 2007 (hereinafter "the judgment"). A copy of the Judgment is attached hereto as Exhibit A and incorporated herein as if fully set forth.

7. The judgment provided that Mr. Whitener was to refinance the real property and within thirty days of the judgment release Plaintiff from any obligation as the current mortgage holder and upon said release pay to Plaintiff $18,500.00 along with other monies for the division of marital debt, at which point Plaintiff was to convey all of her interest in the real property to Mr. Whitener.

8. Mr. Whitener failed to refinance the real property and failed to pay to Plaintiff the monies set forth in the judgment.

9. On June 6, 2007, the house sitting on the real property was substantially destroyed by fire.

10. Mr. Whitener died on June 6, 2007. A copy of Mr. Whitener's death certificate is attached hereto as Exhibit B and incorporated herein via reference as if fully set forth.

11. Defendant held a promissory note from Plaintiff and Mr. Whitener which was secured by a deed of trust on the real property.

12. Prior to Mr. Whitener's death he failed to make mortgage payments and failed to make premium payments on a home owner's insurance policy (for fire and extended coverage) insuring the house on the real property.

13. Prior to Mr. Whitener's death the home owner's insurance policy lapsed due to non

2

payment.

14. In the month of June 2007, Defendant informed Plaintiff and/or her then attorney Stephen Vighi that there was no insurance policy insuring the loss to the house on the real property.

15. Following Defendant's representation to Plaintiff as set forth in Paragraph 14 above that there was no insurance policy on the real property, Plaintiff filed Bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Missouri in case #07-46706 indicating that the fire loss was uninsured and that the real property had no value in excess of the mortgage held against it by Defendant.

16. On October 22, 2007, Defendant sought permission of the Bankruptcy Court to proceed with the foreclosure against the real property. The balance claimed by the Defendant at that was $160,538.49.

17. On November 13, 2007, an order was entered granting Defendant permission to proceed with the foreclosure; however, to date no foreclosure has taken place.

18. On January 8, 2008 Plaintiff was discharged from the Bankruptcy and her case closed.

19. On or about February 4, 2008, Defendant contacted Plaintiff's then attorney, Joseph P. Cunningham, III, and informed him that the house on the real property had been insured by a lender placed policy and that there were proceeds available to satisfy the outstanding balance of the loan.

20. On February 6, 2008, Defendant sent Plaintiff a letter which is attached as Exhibit C, and attached hereto via reference, informing her that in the previous year that Bank of America had obtained "lender placed insurance" to protect the house on the real property.

21. Said lender placed insurance was in effect at the time of the June 6, 2007 fire.

22. On February 28, 2008, Plaintiff received, from Defendant, a check payable to herself

3

and the deceased Mr. Whitener in the amount of $40,052.28. A photocopy of the check is attached hereto as Exhibit D and incorporated herein via reference.

23. The proceeds of the lender placed policy were more than sufficient to cover the balance of Plaintiff's loan with Defendant.

## COUNT I
### Negligent Misrepresentation

COMES NOW Plaintiff, Donna J. Whitener, by and through counsel, and for Count I of her Petition against Bank of America, N. A., states to the court as follows:

24. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 23 of this Petition.

25. In supplying the information to Plaintiff, described in Paragraph 14, the Defendant failed to exercise reasonable care to ensure the accuracy of said information, namely that there was no insurance policy covering loss on the real property when in fact said representation was false.

26. The information described above was provided negligently by the Defendant to the Plaintiff, who was a borrower, signatory to a promissory note and one of the mortgagors of the real property.

27. Further, the information described above was provided negligently, by the Defendant to the Plaintiff in connection with promissory note and deed of trust, which Defendant held securing the real property.

28. The Plaintiff justifiably relied on the information supplied by the Defendant, in making the determination to file for bankruptcy.

29. The false information supplied to the Plaintiff by the Defendant was material to the Plaintiff's decision to file for bankruptcy as a direct and proximate result of the false information

4

supplied by the Defendant concerning the lack of insurance coverage for loss to the house on the real property.

30. The Plaintiff was damaged, in that the Plaintiff was forced to file for bankruptcy something that will negatively impact her ability to obtain loans or get credit in the future.

WHEREFORE Plaintiff prays judgment in favor against Defendant for such damages as are fair and reasonable together with interest and costs and for such other and further relief as the court deems just and proper under the circumstances.

## COUNT II
Fraudulent Misrepresentation

COMES NOW Plaintiff, Donna J. Whitener, by and through counsel, and for Count II of her Petition against Bank of America, N. A., states to the court as follows:

31. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 30 of this Petition.

32. Defendant's statement as described in Paragraph 14 was false, and Defendant knew it was false, when it was made, when in fact there was lender placed policy which insured the house for an amount equal to or in excess of the outstanding balance on the loan.

33. The statement described in Paragraph 14 was material to the Plaintiff's decision to file bankruptcy.

34. Plaintiff relied on the representation described in Paragraph 14 and used ordinary care in so relying, in that the Defendant was in a much better position that Plaintiff to know whether Defendant had in fact applied for a lender placed policy to cover the real property.

35. As a direct result of the representation described in Paragraph 14, Plaintiff has been damaged.

5

36. The false information supplied to the Plaintiff by the Defendant was material to the Plaintiff's decision to file for bankruptcy.

37. The Plaintiff was damaged, in that the Plaintiff was forced to file for bankruptcy something that will negatively impact her ability to obtain loans or get credit in the future.

38. Defendant's action in falsely representing that there was no insurance policy in effect which covered any loss to the house was intentional, willful, and outrageous, and because of Defendant's evil motive and reckless indifference to the rights of others, an award of punitive damages in the sum of $100,000.00 is warranted by the Defendant's conduct.

WHEREFORE Plaintiff prays judgment against said Defendant for such sum as is fair and reasonable damages, and for punitive damages, and the costs of this action, and for such other and further relief as the court deems just and proper in the circumstances.

## COUNT III
### Section 443.130, RSMo.

COMES NOW Plaintiff, Donna J. Whitener, by and through counsel, and for Count III of her Petition against Bank of America, N. A., states to the court as follows:

39. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 23 of this Petition.

40. The insurance proceeds have been applied to the outstanding balance of the loan, satisfying the promissory note.

41. Pursuant to Section 443.130, RSMo., if a secured party after receiving satisfaction for a debt does not within forty-five (45) days after request and tender of cost, submit for recording a sufficient deed of release, such person shall be liable to the mortgagor for the lesser of an amount of $300 a day for each day, after the forty-fifth day, the secured party fails to submit for recording a

sufficient deed of release or 10% of the amount of the security interest plus court costs and attorney's fees to be recovered in any court of competent jurisdiction.

42. By letter dated November 7, 2008 (a copy which is attached hereto as Exhibit E and incorporated herein via reference), Plaintiff did, through her attorney, make a demand pursuant to Section 443.130, RSMo., and did make a request for a deed or release and did therewith tender to Defendant costs of recording, pursuant to the statute. A copy of the check is attached hereto as Exhibit F and incorporated herein via reference as if fully set forth.

43. Said letter and costs were received by Defendant on November 10, 2008. The certified mail receipt is attached hereto as Exhibit G and incorporated herein via reference as if fully set forth.

44. Greater than 45 days have elapsed since Defendant received Plaintiff's November 7, 2008 letter and check, and Defendant has failed to record a Deed of Release.

45. Defendant returned to Plaintiff in the exhibit attached hereto as Exhibit H, Plaintiff's check.

46. Plaintiff is entitled, pursuant to Section 443.130, RSMo., to judgment against Defendant in the amount of the lesser of $300 a day after the forty-fifth day that Defendant fails to submit for recording a deed of release or 10% of the amount of the security interest plus the costs and attorney's fees.

WHEREFORE Plaintiff prays judgment against Defendant for an amount pursuant to Section 443.130, RSMo., and attorney's fees and costs of this action and for such other and further relief as the court deems just and proper in the circumstances.

7

## COUNT IV
Fair Debt Collection Practices Act - Unfair Practices

COMES NOW Plaintiff, Donna J. Whitener, by and through counsel, and for Count IV of her Petition against Bank of America, N. A., states to the court as follows:

47. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 23 of this Petition.

48. In the months of June, July and August of 2007 Defendant communicated to Plaintiff or Plaintiff's then attorney, Joseph P. Cunningham, III, demands for the outstanding balance of the loan.

49. Pursuant to Title 15 U.S.C. Section 1692(f) "the collection (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debtor permitted by law" is a violation of the Fair Debt Collection Practices Act.

50. The actions of Defendant during the above stated months of 2007 and Defendant's actions as stated above in the Allegations Common to All Counts, seeking leave from the automatic stay of bankruptcy, constitute a violation of the above stated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. 1692(f), in that they were the attempts to collect an amount not authorized by the agreement and/or not permitted by law since the balance due on the loan was satisfied.

51. As a result of Defendant's violation of the Fair Debt Collection Practices Act as set forth above, the Plaintiff suffered damages, in that the Plaintiff was forced to file for bankruptcy something that will negatively impact her ability to obtain loans or get credit in the future and monetary damages, in that Plaintiff had to hire attorney Joseph P. Cunningham, III to file bankruptcy.

52. Plaintiff's fees to attorney Cunningham totaled $2,000, which constituted a $1000 flat

8

fee for filing bankruptcy petition, a $299 filing fee, and additional hours of legal representation provided at the rate of $175 an hour.

53. Additionally, 15 U.S.C. Section 1692(k) provides for additional damages up to and including $1000 and reasonable attorney's fees and costs.

WHEREFORE Plaintiff prays judgment against Defendant for actual damages as set forth in Paragraph 52 plus $1000, according to statute, plus attorney's fees and costs and for such other and further relief as the Court deems just and proper given the circumstances.

## COUNT V
Fair Debt Collection Practices Act – False or Misleading Representation

COMES NOW Plaintiff, Donna J. Whitener, by and through counsel, and for Count V of her Petition against Bank of America, N. A., states to the court as follows:

54. Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 23 of this Petition.

55. Plaintiff incorporates each and every allegation set forth in Paragraphs 44 through 50 of this Petition.

56. Pursuant to 15 U.S.C. 1692(e), of the Fair Debt Collection Practices Act, it is a violation of said act to: make a false representation of "the character, amount, or legal status of any debt;" or make a "threat to take any action which cannot legally be taken or that is not intended to be taken;" or use "any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a customer."

57. The representations made by Defendant to the Plaintiff and/or the Plaintiff's then attorneys, Joseph P. Cunningham, III, and Stephen Vighi, that there was indeed no insurance policy insuring the house on the real property, constituted false representations of the character, amount, or

9

legal status of the debt and did also constitute a false representation in an attempt to collect a debt.

58. Defendant's actions in making demands to Plaintiff and/or Plaintiff's then attorney, Joseph P. Cunningham, III, for the outstanding balance of the debt as set forth above in Count IV, and its actions in seeking relief from the automatic stay of bankruptcy constituted threats to take action that could not legally be taken or that was intended to be taken.

59. As a result of the actions as set forth above, Plaintiff suffered damages, in that the Plaintiff was forced to file for bankruptcy something that will negatively impact her ability to obtain loans or get credit in the future and monetary damages, in that Plaintiff had to hire attorney Joseph P. Cunningham, III to file bankruptcy.

WHEREFORE Plaintiff prays judgment against Defendant for actual damages as set forth in Paragraph 52 plus $1000, according to statute, plus attorney's fees and costs and for such other and further relief as the court deems just and proper given the circumstances.

Respectfully submitted,

WEGMANN, STEWART, DIEFFENBACH,
TESREAU, SHERMAN & EDEN, P.C.
Attorneys for Plaintiff
P.O. Box 740
Hillsboro, MO 63050
(636)797-2665 or (636)296-5769
beden@wegmannlaw.com

By /s/ Bianca L. Eden   #50301